OAKEY & CO.
*vs.*
HENNEN.

---

### OAKEY & CO. *vs.* HENNEN.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW ORLEANS.

Where the testimony is insufficient to show clearly that the note, endorsed by defendant, was altered after its execution, by adding the words " payable at the Union Bank," he cannot exonerate himself from his endorsement.

This is an action against the endorser of a promissory note.

The defence was, that after it was endorsed, the maker, without the consent and knowledge of the endorser, altered the tenor of said note by adding the following words, " payable at the Union Bank."

The evidence failed to prove the fact of the alteration, relied on in the defence; and there was judgment both in the City Court, and in the Parish Court, to which the case had been taken on appeal, for the plaintiffs, from which the defendant appealed.

*L. C. Duncan*, for plaintiffs.

*Defendant in propria persona.*

*Simon, J.* delivered the opinion of the court.

The defendant is sued as endorser of a promissory note of hand, drawn by one F. W. Lea; his principal defence is that he did not endorse a note of the form stated in the plaintiffs'

EASTERN DIS.
*May*, 1841.

OAKEY & CO.
*vs.*
HENNEN.

petition.    There was judgment against him in the City Court, and an appeal having been by him taken to the Parish Court, a second judgment was rendered against him, from which he took the present appeal.

It is urged that the words "*payable at the Union Bank of Louisiana*," written as the last part of the body of the note, were so written after said note had been executed and endorsed, and that said note was not originally made payable at any particular domicil.   In support of this position, a witness was examined, who, without being presented with the note in question to prove its identity, testifies that said note was given to one John Kern for furniture bought by Lea & Kimball; that it was agreed between Lea & Kimball that no note given by either party should be made payable at any particular place as a bank ; that at the time witness saw the note, it was endorsed by defendant; that he did not discover that it was made payable at any particular place ; that after the note was traded to Kern, he, said Kern, informed witness that he had got Lea to fix it and make it payable in New Orleans; and that witness does not know that said note was made payable in New Orleans.

From an inspection of the note sued on, which is clearly shown to be in one and the same hand writing, we are unable to discover that any addition or alteration was ever made to it after its execution; the signature of the drawer appears to have been made after the whole body of the note was written ; and the vague testimony of the only witness who was examined, is not, in our opinion, sufficient to justify the belief that said note was not originally made payable at the elected domicil at which the demand of payment was made.   This testimony might perhaps serve to raise a suspicion, but this is certainly insufficient to entitle the defendant to the discharge of his obligation as endorser of a note of the dishonor of which he is shown to have had due and legal notice ; and as the case stands, we must come to the conclusion that he has failed to make out his defence.

Where the testimony is insufficient to show clearly that the note, endorsed by defendant, was altered after its execution, by adding the words "payable at the Union Bank," he cannot exonerate himself from his endorsement.

It is therefore ordered, adjudged and decreed that the judgment of the Parish Court be affirmed with costs.